JEREMIAH REYNOLDS (SBN 223554)
jreynolds@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Respondents
Voltage Pictures, LLC; Voltage Productions, LLC; F&D Productions, LLC; THC Productions Ontario, Inc. and Mon, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DIRECTORS GUILD OF AMERICA, INC., <br><br> Petitioner, <br><br> vs. <br><br> VOLTAGE PICTURES, LLC; VOLTAGE PRODUCTIONS, LLC; F&D PRODUCTIONS, LLC; THC PRODUCTIONS ONTARIO, INC.; and MON, LLC, <br><br> Respondents. | Case No. 2:20-cv-04452-PA-PLA <br><br> *The Hon. Percy Anderson* <br><br> **RESPONDENTS VOLTAGE PICTURES, LLC; VOLTAGE PRODUCTIONS, LLC; F&D PRODUCTIONS, LLC; THC PRODUCTIONS ONTARIO, INC. AND MON, LLCS' ANSWER TO PETITION TO COMPEL ARBITRATIONS PURSUANT TO COLLECTIVE BARGAINING AGREEMENTS** <br><br> **JURY TRIAL DEMANDED** <br><br> Trial Date:    None Set |

# ANSWER

Respondents Voltage Pictures, LLC; Voltage Productions, LLC; F&D Productions, LLC; THC Productions Ontario, Inc. and Mon, LLC (collectively "Respondents") hereby answer the Petition to Compel Arbitrations (the "Petition") of Petitioner Directors Guild of America ("Petitioner") as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the Petition is a conclusion of law to which no answer is required.

2. Paragraph 2 of the Petition is a conclusion of law to which no answer is required.

## PARTIES

3. Respondents lack knowledge sufficient to admit or deny and therefore deny the allegations of Paragraph 3 of the Petition.

4. Paragraph 4 of the Petition is admitted in part. Respondents admit that "[t]he DGA and various employers (Producers) entered into a collective bargaining agreement known as the Directors Guild of America Basic Agreement ('Basic Agreement' or 'BA'), which includes grievance and arbitration provisions." Respondents deny that the collective bargaining agreements referenced in Paragraph 4 of the Petition are "applicable to this matter."

5. Paragraph 5 of the Petition is admitted.

6. Paragraph 6 of the Petition is admitted.

7. Paragraph 7 of the Petition is admitted.

8. Paragraph 8 of the Petition is admitted.

9. Paragraph 9 of the Petition is admitted.

10. Paragraph 10 of the Petition is a conclusion of law to which no answer is required.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Paragraph 11 of the Petition is admitted.

12. Paragraph 12 of the Petition is admitted.

13. Paragraph 13 of the Petition is admitted.

## FIRST CAUSE OF ACTION TO COMPEL ARBITRATION AGAINST RESPONDENTS F&D PRODUCTIONS, LLC AND VOLTAGE PRODUCTIONS, LLC

14. Paragraph 14 of the Petition contains no factual allegations to which an answer is required.

15. Paragraph 15 of the Petition is admitted.

16. Paragraph 16 of the Petition is admitted.

17. Paragraph 17 of the Petition is admitted.

18. Paragraph 18 of the Petition is admitted.

19. Paragraph 19 of the Petition is denied.

20. Paragraph 20 of the Petition is admitted in part. Respondents admit that "the grievance ha[s] still not been resolved." Respondents deny that they "have not agreed to select an arbitrator and proceed to arbitration with the DGA."

21. Paragraph 21 of the Petition is a conclusion of law to which no answer is required.

22. Paragraph 22 of the Petition is denied.

23. Paragraph 23 of the Petition is denied.

24. Respondents lack knowledge sufficient to admit or deny and therefore deny the allegations of Paragraph 24 of the Petition.

## SECOND CAUSE OF ACTION TO COMPEL ARBITRATION AGAINST RESPONDENTS THC PRODUCTIONS ONTARIO, INC. AND VOLTAGE PICTURES, LLC

25. Paragraph 25 of the Petition contains no factual allegations to which an answer is required.

26. Paragraph 26 of the Petition is admitted.

27. Paragraph 27 of the Petition is admitted.

28. Paragraph 28 of the Petition is admitted.

29. Paragraph 29 of the Petition is admitted.

30. Paragraph 30 of the Petition is admitted.

31. Paragraph 31 of the Petition is denied.

32. Paragraph 32 of the Petition is admitted in part.  Respondents admit that "the grievance ha[s] still not been resolved."  Respondents deny that they "have not agreed to select an arbitrator and proceed to arbitration with the DGA."

33. Paragraph 33 of the Petition is a conclusion of law to which no answer is required.

34. Paragraph 34 of the Petition is denied.

35. Paragraph 35 of the Petition is denied.

36. Respondents lack knowledge sufficient to admit or deny and therefore deny the allegations of Paragraph 36 of the Petition.

### THIRD CAUSE OF ACTION TO COMPEL ARBITRATION AGAINST RESPONDENTS MON, LLC AND VOLTAGE PICTURES, LLC

37. Paragraph 37 of the Petition contains no factual allegations to which an answer is required.

38. Paragraph 38 of the Petition is admitted.

39. Paragraph 39 of the Petition is admitted.

40. Paragraph 40 of the Petition is admitted.

41. Paragraph 41 of the Petition is admitted.

42. Paragraph 42 of the Petition is denied.

43. Paragraph 43 of the Petition is admitted in part.  Respondents admit that "the grievance ha[s] still not been resolved."  Respondents deny that they "have not agreed to select an arbitrator and proceed to arbitration with the DGA."

44. Paragraph 44 of the Petition is a conclusion of law to which no answer is required.

45. Paragraph 45 of the Petition is denied.

46. Paragraph 46 of the Petition is denied.

47. Respondents lack knowledge sufficient to admit or deny and therefore deny the allegations of Paragraph 47 of the Petition.

## AFFIRMATIVE DEFENSES

Without admitting the truth of any allegation set forth in the Petition, Respondents assert the following affirmative defenses to the Petition and each and every cause of action purportedly stated therein.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Petition fails to state a claim upon which relief can be granted against Respondents.

### SECOND AFFIRMATIVE DEFENSE
### (No Standing)

2. Petitioner lacks standing to bring the claims alleged in the Petition.

### THIRD AFFIRMATIVE DEFENSE
### (No Arbitration Agreement)

3. Respondents Voltage Pictures, LLC and Voltage Productions, LLC are not parties to the Basic Agreement.

### FOURTH AFFIRMATIVE DEFENSE
### (Improper Notice of Arbitration Proceedings)

4. Respondents were not provided proper notice of arbitration proceedings because there is no evidence that Petitioner followed the Grievance Procedures set forth in the Basic Agreement, including but not limited to filing the grievances referenced herein within the requisite time limits, providing adequate notice of grievance, or conducting a "Grievance Meeting" within ten working days after the filing of each grievance.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Remedies)

5. Petitioner has failed to exhaust available remedies in that it appears Petitioner has made no effort to follow the Grievance Procedures set forth in the Basic Agreement, including but not limited to filing the grievances referenced herein within the requisite time limits, providing adequate notice of grievance, or conducting a "Grievance Meeting" within ten working days after the filing of each grievance.

## SIXTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

6. Respondents have insufficient information upon which to form a belief as to whether they may have additional unstated affirmative defenses. Respondents reserve the right to assert additional affirmative defenses in the event discovery indicates that they are appropriate. Respondents reserve all rights and remedies against all persons and entities in connection with this matter.

## PRAYER FOR RELIEF

WHEREFORE, Respondents pray for judgment against Petitioner as follows:

1. That the Petition be dismissed and that judgment be rendered in favor of Respondents and against Petitioner;

2. That Respondents be awarded their costs of suit and attorneys' fees;

3. That Respondents be awarded such other relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED:  August 3, 2020 | EISNER, LLP |
| 2 | | |
| 3 | | |
| 4 | | By:      */s/ Jeremiah Reynolds*      |
| | | JEREMIAH REYNOLDS |
| 5 | | Attorneys for Defendants |
| | | Voltage Pictures, LLC; Voltage |
| 6 | | Productions, LLC; F&D Productions, LLC; |
| 7 | | THC Productions Ontario, Inc. and Mon, |
| | | LLC |
| 8 | | |

# DEMAND FOR JURY TRIAL

Respondents hereby demand a jury trial on all issuable facts including the making of the alleged agreements, the sufficiency of the notice of arbitration, whether Petitioner exhausted remedies provided by the requisite agreements, and Respondents' alleged failure, neglect, or refusal to perform the alleged agreements, pursuant to 9 U.S.C. § 4.

DATED:  August 3, 2020                              EISNER, LLP

By:   */s/ Jeremiah Reynolds*
JEREMIAH REYNOLDS
Attorneys for Defendants
Voltage Pictures, LLC; Voltage Productions, LLC; F&D Productions, LLC; THC Productions Ontario, Inc. and MON, LLC

# PROOF OF SERVICE

**Directors Guild of America, Inc. v. Voltage Pictures, LLC, et al.
USDC Case No. 2:20-CV-04452**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 9601 Wilshire Blvd., 7th Floor, Beverly Hills, California 90210.

On August 3, 2020, I served true copies of the following document(s) described as **RESPONDENTS VOLTAGE PICTURES, LLC; VOLTAGE PRODUCTIONS, LLC; F&D PRODUCTIONS, LLC; THC PRODUCTIONS ONTARIO, INC. AND MON, LLCS' ANSWER TO PETITION TO COMPEL ARBITRATIONS PURSUANT TO COLLECTIVE BARGAINING AGREEMENTS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 3, 2020, at Beverly Hills, California.

*/s/ Ebony Aguilar*
Ebony Aguilar

EISNER, LLP

762708.1

1

RESPONDENTS' ANSWER TO PETITION TO COMPEL ARBITRATIONS

**SERVICE LIST**
*Directors Guild of America, Inc. v. Voltage Pictures, LLC, et al.*
**USDC Case No. 2:20-CV-04452**

| | |
|---|---|
| Michael R. Feinberg, Esq.<br>SCHWARTZ, STEINSAPIR,<br>DOHRMANN & SOMMERS, LLP<br>6300 Wilshire Blvd., Suite 2000<br>Los Angeles, CA 90048-5268<br>Ph. (323) 655-4700<br>Fax (323) 655-4488<br>Email: mrf@ssdslaw.com | *Attorney for Petitioner*<br>DIRECTORS GUILD OF AMERICA, INC. |
| David B. Dreyfus, Esq.<br>Kimberly J. Goldfarb, Esq.<br>DIRECTORS GUILD OF AMERICA, INC.<br>7920 Sunset Blvd.<br>Los Angeles, CA 90046-0907<br>Ph. (310) 289-5356<br>Email: ddreyfus@dga.org<br>Email: kgoldfarb@dga.org | *Attorneys for Petitioner*<br>DIRECTORS GUILD OF AMERICA, INC. |